IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) | CASE NO: 4:19-CR-308 |
| v. | ) ) | Judge Dan Aaron Polster |
| **ANTHONY CLEVELAND,** | ) ) | **OPINION AND ORDER** |
| Defendant. | ) ) ) | |

## MEMORANDUM

Before the Court is Defendant Anthony Cleveland's Motion to Revoke Detention Order, Doc #: 34. For the following reasons, Cleveland's Motion, **Doc #: 34**, is **DENIED**.

## BACKGROUND

On February 27, 2020, Cleveland pleaded guilty to four charges including possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Non-document dated 2/27/2020. On April 3, 2020, Cleveland filed a motion asking the Court to release him awaiting sentencing. Doc #: 34. The Government filed a response on that same day. Doc #: 35.

## ANALYSIS

Cleveland, whose conviction for possession with intent to distribute cocaine has a maximum term of imprisonment of 20 years under the Controlled Substances Act, requests that

1

the Court release him pending sentencing. Doc #: 34. A court must detain a person who has pleaded guilty to an offense for which the maximum term of imprisonment of ten years or more is prescribed by the Controlled Substance Act unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community" and either (1) the Court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or (2) "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2).

Cleveland is ineligible for release pending sentencing. First, the Court cannot find by clear and convicting evidence that that Cleveland is not likely to flee or pose a danger to any other person in the community. Cleveland has a history of failing to appear and previously fled the state to avoid an arrest warrant. Doc #: 35 at 4. He also pleaded guilty to charges of possession with intent to distribute cocaine while having a firearm with an obliterated serial number. Doc #: 1 at 3-4. Based on his history of failing to appear and the severity of his charges, the Court cannot find by clear and convincing evidence that Cleveland is not likely to flee or pose a danger to any other person in the community.

Second, The Court finds that there is not a substantial likelihood that a motion for acquittal or new trial would be granted. Nor has the attorney for the Government recommended that no sentence of imprisonment be imposed on Cleveland. Accordingly, Cleveland is ineligible for release awaiting sentence.

Moreover, Cleveland's argument that he should be released because he fears a COVID-19 breakout at Mahoning County Justice Center, where he is housed, is not well taken. Cleveland has not alleged that he has encountered anyone with COVID-19 or that there is an active COVID-19 breakout in Mahoning County Justice Center. Rather, the evidence shows that the

Mahoning County Justice Center is taking the proper precautions to prevent a COVID-19 outbreak. Doc ##: 35-1, 35-2, 35-3.

## CONCLUSION

Accordingly, Cleveland's Motion to Revoke Detention Order, **Doc #: 34**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 6, 2020*
**Dan Aaron Polster**
**United States District Judge**
